## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Mark Danisavich, | FILED ELECTRONICALLY

                   Plaintiff

v.

Penncro Associates, Inc.,

                   Defendant

## COMPLAINT

### I. Introduction

1.     This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction and Venue

2.     Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3.     Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4.     Plaintiff, Mark Danisavich, is a natural person residing at 480

W. Frack St., Frackville, PA 17931.

5.   Defendant, Penncro Associates, Inc., ("the Collector") is a corporation engaged in the business of collecting debts in this state with a place of business located at 105 Montgomery Ave., Phoenixville, PA 19460 and is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

## IV. Statement of Claim

6.   Within the past year the Collector was attempting to collect an alleged account ("the Account") from Plaintiff.

7.   The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

8.   The Collector regularly uses the mails to attempt to collect consumer debts alleged to be due another.

9.   On or about April 4, 2012, the Collector caused to be mailed a letter addressed to Plaintiff ("the Letter").

10.   A true and correct copy of the Letter is attached as Exhibit A. (Redacted to comply with Fed.R.Civ.P. 5.2(a), LR 5.2 and/or ECF Procedures 14.1.)

11.   The Letter was an attempt to collect the Account.

12.   The Letter contained the statement "Total Balance Due:$19,699.91." The Letter did not state the date on which the amount

allegedly due was calculated, and did not explain that interest would continue to accrue on unpaid principal.

13.    The Letter could reasonably be read to have two different meanings, one of which is inaccurate. The Letter could have meant that accruing interest and the total amount due were calculated on the date that the Letter was written.

14.    Alternatively, the Letter could have meant that the amount of the debt was static and that no interest or other fees were accruing to the account. Under such an interpretation, payment of the claimed amount would satisfy the debt in full, irrespective of when the payment was made.

15.    The claimed balance continued to increase after the date of the letter.

16.    Thus, the interpretation identified in ¶ 14 was false, in violation of 15 U.S.C. §§ 1692e(2)(A) and (e)(10). *See Michalek v. ARS National Services, Inc.*, 2011 WL 6180498 (M.D. Pa. December 13, 2011)(Caputo).

17.    Defendant violated the Act.


WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

## V. Demand for Jury Trial

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted,

s/ Kristin Sabatini
Kristin Sabatini
Bar Number 200135
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ksecf@bankruptcypa.com

## Verification of Complaint and Certification
## by Plaintiff Mark Danisavich

Plaintiff, Mark Danisavich, being duly sworn according to law, deposes as follows:

1.     I am a plaintiff in this civil proceeding.

2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5.     I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.    If applicable, each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.    Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain exhibit labels and some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746(2).

Executed on _____10/17/_____, 2012.

Mark Danisavich
Plaintiff